# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEBORAH DEVENY and JENNIFER FLANNERY, individually and on behalf of all similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>LOVE BUGS PET SITTING, CASSANDRA SMREKAR, individually, and MEGAN SMREKAR WILLIAMS, individually.<br><br>    Defendants. | **CIVIL ACTION NO.:**<br><br>**1:22-cv-02058-LMM**<br><br><br>**JURY TRIAL DEMANDED** |

## UNOPPOSED MOTION FOR CONDITIONAL CERTIFICATION AND STAY OF DISCOVERY

This is a collective action brought by Plaintiffs Deborah Deveny and Jennifer Flannery ("Plaintiffs") against Defendants Love Bugs Pet Sitting, Cassandra Smrekar, and Megan Smrekar Williams (collectively, "Defendants") pursuant to the Fair Labor Standard Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). Defendants employed Plaintiffs as pet sitters and classified them and Collective Action members, as independent contractors who were exempt from the minimum wage and overtime wage provisions of the FLSA. Plaintiffs contend that Defendants paid them a piece

rate salary in exchange for each pet sitting job or overnight job completed. Thus, their wages were based on the amount of jobs completed, and the type of jobs completed, and not the amount of hours worked, nor the time spent traveling to job sites, regardless of how many hours they worked per workweek. Plaintiffs contend that they and Collective Action members were not compensated for any time spent traveling between job sites, were not paid for overtime wages, were deprived of minimum wages, and that Defendants withheld their tips.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs request that the Court conditionally certify this case as a collective action and order that Court-approved notice be sent to members of the collective, as defined below. This will allow such persons to decide whether to join the action. The Parties further request that formal discovery and other applicable deadlines be stayed for 90 days to allow the Parties to pursue resolution regarding the claims of Plaintiff and any individuals who join this action. Plaintiffs respectfully submit a proposed Order (Exhibit A), Notice (Exhibit B), Consent to Join Form (Exhibit C), and Reminder Notice (Exhibit D) for the Court's approval.

The Parties have met and conferred, and have agreed that, in order to preserve resources and in the interests of judicial economy, in lieu of motion practice on the

collective certification issue, Defendants do not oppose conditional certification of the collective action claims as defined below for purposes of issuance of notice.

The Parties have agreed that nothing in this stipulation shall be construed to prejudice Defendants' right to later argue that Plaintiff and any opt-ins are not similarly situated within the meaning of 29 U.S.C. § 216(b) or to waive any arguments by Defendants with respect to whether this case should ultimately proceed as a collective action at trial. Defendants do not oppose conditional certification for the purposes of facilitating a prompt and efficient resolution of this matter.

## I.  THE COLLECTIVE DEFINITION

The "Collective" is defined as:

<u>All persons who were, or are, hired by Defendants as pet sitters – or performing materially similar work as pet sitters – at any time within three years prior to the filing of the original Collective Action Complaint and who did not receive minimum wage, overtime compensation, or tips required by the FLSA, and who elect to opt-in to this action pursuant to 29 U.S.C. § 216(b).</u>

This group of persons is referred to as the "Collective" throughout this Motion.

## II. COLLECTIVE INFORMATION, NOTICE AND THE NOTICE PERIOD

The Parties have agreed as follows: within 21 days of the Court's Order approving conditional certification, Defendants will provide Plaintiffs' counsel with a list of all members of the Collective, as well as their last known mailing addresses, email addresses, telephone numbers and any other available contact information, in a computer-readable format. Plaintiffs' counsel will, within five (5) business days from the delivery of said information, send Court-authorized Notice and the Consent to Join Form by email, SMS text, and U.S. Mail to all individuals within the Collective Definition.

Starting from the date of the issuance of the Notice, the Notice recipients will have 60 days to file a Consent to Join Form (the "Notice Period") with this Court. Plaintiffs' counsel will send a Court-authorized Reminder Notice 30 days from the end of the Notice Period to any individuals who have not completed and returned a Consent to Join Form.

Plaintiffs' counsel shall provide notice to Defendants that the Notices and Consent to Join forms have been sent by email, SMS text message and U.S. Mail three (3) business days from the date of transmission and/or mailing.

### III.  DISCOVERY AND RESOLUTION

The Parties intend to engage in resolution discussions regarding Plaintiff and any individuals who join this action, pursuant to 29 U.S.C. § 216(b). Defendants have agreed to provide relevant employment records for Plaintiffs and any individuals who opt into the case, to include their personnel files, daily work log, time records, tip records, and payroll records. The Parties intend to continue resolution discussions throughout the Notice Period and hope to reach a resolution to present to the Court for approval following the end of the Notice Period and before the end of the requested stay of discovery.

### IV.  REQUESTED STAY OF FORMAL DISCOVERY

To facilitate the resolution of this matter, prevent the unnecessary expenditure of attorneys' fees and costs, and preserve judicial resources, the Parties have agreed to, and respectfully request that the Court enter, a 90-day stay to allow the Parties to issue the Court-approved Notice and Reminder Notice and then to engage in settlement negotiations regarding Plaintiffs and all individuals who join this action. The Parties request that the Court order that, should the Parties not first move for Court approval of a settlement, the Parties submit a report to the Court within 14 days after the conclusion of the stay with a proposed Scheduling Order to complete discovery and motion practice.

## V. CONCLUSION

Plaintiffs respectfully requests that the Court grant their unopposed motion; enter the proposed Order filed herewith as Exhibit A; and approve the Notice (Exhibit B), Consent to Join Form (Exhibit C), and Reminder Notice (Exhibit D).

Dated: July 31, 2022

| /s/ Ian E. Smith | s/ Rachel Berlin Benjamin |
|---|---|
| Ian E. Smith | Rachel Berlin Benjamin |
| Georgia Bar No. 661492 | Georgia Bar No. 707419 |
| Spire Law, LLC | Brian J. Sutherland |
| 1230 Peachtree St NE | Georgia Bar No. 105408 |
| Suite 1900 | Hall & Lampros, LLP |
| Atlanta, GA 30309 | 400 Galleria Pkwy SE |
| E: ian@spirelawfirm.com | Suite 1150 |
| E: sarah@spirelawfirm.com | Atlanta, GA 30339 |
| E: filings@spirelawfirm.com | E: rachel@hallandlampros.com |
| | E: brian@hallandlampros.com |